On Rehearing.
HARDY, Judge.
This rehearing was granted for the purpose of further considering the urgent argument by counsel for plaintiff to the effect that the relief granted by our original judgment “was not sufficiently extensive to protect plaintiff’s rights.”
On rehearing counsel contended that plaintiff is entitled not only to the monetary judgment, allowed in our original opinion, but, further, to a recognition of her undivided one-half interest in the property which allegedly was owned by the community.
The facts are clear that the property which constituted a part of the community estate then existing was sold by defendant husband on October 31, 1952, some time prior to the decree of divorce which was granted July 15, 1953. Defendant husband re-acquired the property on September 1, 1954, which was more than a year subsequent to the decree of divorce.
Under the above facts we are at a loss to ascertain any legal basis upon which plaintiff would be entitled to a judgment recognizing her ownership of an interest in property acquired and disposed of during the existence of the community and reacquired, after its dissolution, by plaintiff’s divorced husband.
Since no other nature of relief is prayed by plaintiff, and since that sought, as we have above reasoned, cannot be granted, it follows that there is no ground for alteration of our original decree.
Inasmuch as both plaintiff and defendant applied for rehearings and a rehearing was granted without restriction, we have also considered the contentions urged by counsel for defendant opposing our original *863 judgment in favor of plaintiff, but find therein nothing which would move us to any change as to our judgment.
For the reasons assigned our original decree herein is reinstated and made the final judgment of this court.